Dear Mr. Millet:
This office is in receipt of your request in regard to the sheriff's responsibility in fulfillment of a protective custody order in transporting an individual to a Substance Abuse Center. You indicate that some Centers expect the deputy to remain at the facility until they process and accept the individual transported under the commitment order, but the Sheriff's Department feels once the individual is transported, they have completed their obligation.
There does not appear to be any question as to the correctness of a long line of opinions of this office that recognizes that the sheriff has the duty to transport an individual to a treatment facility under an order for commitment whether it be by a Physician's Emergency Certificate or an Order for Protective Custody. Atty. Gen. Op. Nos. 94-511, 92-463, 84-775, 81-660. Your question is more narrow and basically asks when is this duty fulfilled.
With regard to admission by an emergency certificate under R.S. 28:53J(2) it is provided when the examining physician determines under the standards set forth by the statute that an emergency certificate is justified, he shall execute the certificate and "shall transport or cause to be transported" the person named in the certificate to a treatment facility. In Paragraph "L(1)" it is provided a peace officer may take a person into protective custody and transport him to a treatment facility for a medical evaluation when "as a result of personal observation" he has reasonable grounds to believe the person is a proper subject for involuntary admission to a treatment facility. In the Section 2 of Paragraph L, it is specifically stated "upon arrival at the treatment facility the escorting peace officer shall than be relieved of any further responsibility and the person shall be immediately examined by a physician who shall determine if the person shall be voluntarily admitted, admitted by emergency certificate or discharged.
We feel while it is not specifically stated relative to a sheriff's transportation to a treatment facility other than by personal observation that he is relieved of any further responsibility upon his arrival at a treatment facility whether he acted under a Order of Protective Custody or a Physician's Emergency Certificate. We find no basis upon which a treatment facility can refuse to accept the individual transported by the sheriff under an order of custody. The order for protective custody constitutes legal authority to transport a patient to a treatment facility and permits the director of such facility to detain the patient for independent examination and diagnosis which may then result in continued confinement and treatment.
Thus, after an individual has been transported to the treatment facility, the facility is obligated to conduct further examinations in order to determine continued custody, but we would conclude that upon arrival at the facility the sheriff has fulfilled his statutory obligation when he turns over the order and the individual identified in the order to the personnel of the facility.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR